```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

ANTHONY LEON HOOVER,            )
                                )
            Petitioner,          )
                                )
       v.                        )     1:10CV129
                                )
DIRECTOR OF PRISONS ROBERT C.    )
LEWIS, et al.,                   )
                                )
            Respondents.         )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 19, 2004, in the Superior Court of Forsyth County, Petitioner was convicted by a jury of first-degree rape of a child and was sentenced to 312 to 384 months of imprisonment in case 02 CRS 62235. (Docket Entry 7, Ex. 2 at 53, 55.) Petitioner did pursue a direct appeal, but the North Carolina Court of Appeals found no error and the North Carolina Supreme Court denied certiorari on May 4, 2006. State v. Hoover, 174 N.C. App. 596, 621 S.E.2d 303 (2005), cert. denied, 360 N.C. 488, 632 S.E.2d 766 (2006).

Next, in the words of Respondents, Petitioner "set sail on an odyssey of pro se filings in the Supreme Court of North Carolina." (Docket Entry 7 at 2.) With one exception, all of Petitioner's numerous filings in that court were dismissed or denied by October 11, 2007. (Id. Ex. 6.) The lone exception is a request to proceed in forma pauperis which Petitioner submitted on October 2, 2009. The application was allowed on January 28, 2010. (Id.)

During the time that Petitioner was fruitlessly pursuing matters in the Supreme Court of North Carolina, he also made filings in this Court. As the undersigned set out in a prior Order:

> Petitioner previously filed a habeas action in this Court on November 14, 2006, in which he raised many, if not most or all, of the same issues he has presented in this Petition. See Petition, Hoover v. State of North Carolina, No. 1:06CV1018 (M.D.N.C) (filed Nov. 14, 2006). This Court (per Judge James A. Beaty, Jr. adopting the Recommendation of Magistrate Judge Wallace W. Dixon) dismissed that prior action without prejudice to Petitioner refiling it on proper forms and with all required information. See Hoover, No. 1:06CV1018 (M.D.N.C. Jan. 3, 2007)(unpublished). The Recommendation in question specifically cautioned Petitioner that the statute of limitations for his claims was not tolled, but rather was continuing to run, and that he "must act quickly if he wishe[d] to pursue th[at] petition." Hoover, No. 1:06CV1018, at 2 (M.D.N.C. Nov. 21, 2006) (unpublished).
>
> Petitioner thereafter refiled his habeas petition. See Petition, Hoover v. State of North Carolina, No. 1:07CV583 (M.D.N.C.) (filed Aug. 1, 2007). However, that Petition was dismissed without prejudice after, despite multiple warnings, Petitioner failed either to pay the $5.00 filing fee or to submit a sworn statement averring that he lacked access even to that small sum. See Hoover, No. 1:07CV583 (M.D.N.C. Jan. 9, 2008) (unpublished). Petitioner then waited more than two years before filing the instant Petition. (Docket Entry 2.)

(Docket Entry 4 at 3.)

As just stated, Petitioner did eventually file the currently pending Petition in this Court. It is dated as having been signed and mailed on February 11, 2010, and was received by the Court on February 16, 2010. (Docket Entry 2.) Respondents filed a motion (and supporting brief) seeking to have the Petition dismissed as

untimely. (Docket Entries 6, 7.) The Court promptly advised Petitioner of his right to respond as follows:

> The defendant, has filed a motion to dismiss (pldg. No. 6), which may or may not be supported by an affidavit.
>
> You have the right to file a 20-page response in opposition to the defendant(s) motion. If defendant(s) filed a motion for summary judgment or filed affidavits, your response may be accompanied by affidavits setting out your version of any relevant disputed material facts or you may submit other responsive material. Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s) contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendant(s) motions, it is likely your case will be dismissed or summary judgment granted in favor of the defendant(s). A response to a motion to dismiss must be filed within 21 days from the date of service of the defendant(s) motion upon you. A response to a motion for summary judgment must be filed within 30 days from the date of service on you.
>
> Any response you file should be accompanied by a brief containing a concise statement of reasons for your opposition and a citation of authorities upon which you rely. You are reminded that affidavits must be made on personal knowledge, contain facts admissible in evidence and be made by one shown to be competent to testify. A false statement under oath or under penalty of perjury may be a crime punishable as provided by law.

(Docket Entry 8 at 1.)

Under the applicable rules, Petitioner had until March 22, 2010, to respond to Respondents' motion to dismiss. By that date, Petitioner filed a number of documents, none of which clearly represent a proper response to Respondents' motion to dismiss; the documents in question consist of: 1) a "Petition for Discretionary Review under N.C.G.S. 7A-31(a)" (Docket Entry 9); 2) a filing entitled "Writ Relief" (Docket Entry 10); 3) a "Motion to Suppress

N.C.G.S. 15A-977, Supporting Brief LR 7.2, on 28 U.S.C. § 2244(d)(1)" (Docket Entry 12); and 4) a letter addressed to the Clerk's Office (Docket Entry 15).[1]

In the first such filing, Petitioner presents arguments about why "[t]he guilty verdict was unconstitutional" and why his "Appellate Counsel was ineffective." (Docket Entry 9 at 4-7.) In the second of these filings, Petitioner primarily discusses issues related to the appointment of counsel and the conduct of discovery (see Docket Entry 10 at 2-4), although he does state in conclusory fashion that he "appealed everything in a timely fashion whereas all Writ of Habeas Corpus's [sic] have or has been on time so [his] Statute of Limitations has not ran [sic] out yet" (id. at 2). In the third of the foregoing filings, Petitioner attacks the sufficiency of his indictment, complains about actions by United States Magistrate Judges (including in prior actions he has filed in this Court), contends that the Court should excuse his procedural default, argues that the trial judge coerced the jury to find him guilty, and outlines various general principles regarding habeas writs. (See Docket Entry 12 at 2-9.) In the fourth and

---

[1] During this same time period, Petitioner also submitted a "Declaration and Request to Proceed In Forma Pauperis." (Docket Entry 11.) The Court previously granted a prior request by Petitioner to proceed as a pauper. (See Docket Entries 1, 4.) Accordingly, his more recent request is moot. In addition, Petitioner filed a "Motion for Appointment of Counsel for Motion to Suppress, N.C.G.S. 15A-977, Supporting Brief LR 7.2 on 28 U.S.C. § 2244(d)(1)." (Docket Entry 13.) The Court previously denied a prior request by Petitioner for appointment of counsel. (See Docket Entries 3, 4.) Nothing identified by Petitioner in his second motion for appointment of counsel or otherwise evident to the Court in the record would cause the Court to alter its prior determination that the facts and circumstances of this case fail to warrant appointment of counsel for Petitioner. Accordingly, the Court will deny Petitioner's renewed request in this regard.

final such filing, Petitioner states that he is "[p]utting in a timely <u>Objection and Appeals</u> for a <u>Certificate of Appealability</u> on Response Brief Opposing Petitioner's <u>Motion to Suppress 28 U.S.C. § 2244(d)(1)</u>." (Docket Entry 15 at 1 (emphasis in original).)[2]

After Petitioner's response time had passed, but while Respondents' motion to dismiss remained pending with the Court, Petitioner filed three motions: 1) a "Motion for Enforcement of Writ, G.S. 17-19 & G.S. 17-20" (Docket Entry 17); 2) a "Motion for Temporary Restraining Order and Addendum to Be Ratify [sic]" (Docket Entry 18); and 3) a "Motion to Compell [sic] Rule 60.1 and Rule 61.1" (Docket Entry 20).

In the first such motion, Petitioner "request[s] a copy of a complete stenographic transcript" of proceedings from his underlying state criminal case. (Docket Entry 17 at 1.) In the second of these motions, Petitioner asks the Court to order prison officials to house him in a single-person cell, to transfer him to a facility closer to his home or to a federal correctional institution, and to provide him with therapeutic shoes. (Docket Entry 18 at 1-3.) In the third and final above-cited motion, Petitioner appears to demand monetary damages to compensate him for his allegedly unlawful conviction. (See Docket Entry 20 at 1.)

Finally, on September 27, 2010, the same day that it received Petitioner's above-referenced "Motion to Compell [sic] Rule 60.1 and Rule 61.1," the Clerk's Office received a form "Notice of

---

[2] The remainder of the filing is unintelligible, but it may represent a reply to the short response (Docket Entry 14) Respondents filed to Petitioner's prior "Motion to Suppress" (Docket Entry 12).

-5-

Appeal," the blanks of which Petitioner appears to have completed by hand to identify the case caption and case number for this case. (Docket Entry 21.) The body of the Notice of Appeal states:

> Notice is hereby given that <u>Anthony Leon Hoover</u> (plaintiffs) (defendants) in the above named case,* hereby appeal to the United States Court of Appeals for the <u>Fourth</u> Circuit (from the final judgment) (from the order (describing it)) entered in this action on the <u>23th</u> [sic] day of <u>September</u>, 20<u>10</u>.

(<u>Id.</u> at 1 (underscoring in original, but with material above such underscoring in hand-written form in original) (asterisk in original (connected to following statement: "See Rule 3(c) for permissible ways of identifying appellants")).)

The Court did not enter an order on September 23, 2010. In fact, the Court has issued only one order in this case, on February 18, 2010, when it granted Petitioner pauper status, ordered Respondents to answer his Petition, and denied his first request for appointment of counsel. (Docket Entry 4.) "As a general proposition, the timely filing of a notice of appeal confers jurisdiction in the court of appeals 'and divests the district court of its control over those aspects of the case involved in the appeal.'" <u>Dixon v. Edwards</u>, 290 F.3d 699, 709 n.14 (4th Cir. 2002) (quoting <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982)). However, "the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." <u>United States v. Jones</u>, 367 Fed. Appx. 482, 484 (4th Cir. 2010). In this case, Petitioner has not filed a proper notice of appeal as to any final order or appealable collateral order. Accordingly,

the Court will proceed with its disposition of pending matters in this case.

### **Petitioner's Claims**

Petitioner raises four claims for relief in his Petition. The first alleges that the district attorney handling his trial knew that his trial was set for September 29, 2003, that Petitioner was informed of that date on February 20, 2003, and that this somehow violated his constitutional rights. (Docket Entry 2, ¶ 12, Ground One.) Next, he claims that the trial judge coerced the jury into reaching a verdict after they had deadlocked. (Id. Ground Two.) Petitioner's third claim accuses "all" lawyers, judges, and prosecutors connected with his case of knowing that the charge against Petitioner was fabricated. (Id. Ground Three.) Finally, Petitioner challenges his indictment as defective. He adds that the Court should excuse any procedural default because he can prove his actual innocence using time cards. (Id. Ground Four.)

### **Discussion**

Respondents request dismissal on the ground that the petition was filed[3] outside of the one-year limitation period imposed by 28

---

[3] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of
(continued...)

U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on

---

³(...continued)
federal collateral review applications in district court). We take no position on that question here."); <u>but see</u> <u>Smith v. Woodard</u>, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, Petitioner did pursue a direct appeal which concluded with the North Carolina Supreme Court's denial of his petition for certiorari on May 4, 2006. Petitioner then had 90 days to file a petition for certiorari with the United States Supreme Court. However, he did not do so and his conviction thus became final on August 2, 2006, at which time his one-year federal habeas filing period commenced. See generally Harris v. Hutchison, 209 F.3d 325, 328 & n.1 (4th Cir. 2000). That one-year limitation period is tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Following the conclusion of his direct appeal, Petitioner filed numerous documents with the North Carolina Supreme Court seeking further action in his case. As Respondents discuss in their brief supporting the Motion to Dismiss (see Docket Entry 7 at 2-4, 7-8), none of these filings would toll the running of the limitation period under § 2244(d). Moreover, assuming that they would, the instant Petition is still out of time. The North Carolina Supreme Court denied or dismissed all pending motions in

Petitioner's case by October 11, 2007. (Docket Entry 7, Ex. 6.) Petitioner's time to file in federal court would have begun to run at that time and would have expired a year later in October of 2008. Petitioner did not sign and mail the instant Petition until February 11, 2010, well after his one-year federal habeas filing period had expired.

Petitioner did also file an in forma pauperis application with the Supreme Court of North Carolina on October 2, 2009. However, that filing in no way affected the timeliness of his instant Petition. Such an application did not constitute a request for any sort of post-conviction relief which could toll the running of the time-bar imposed by § 2244(d). Further, Petitioner's time to file his Petition had already expired. Later state court filings do not restart or revive the time to file a federal habeas petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Nor do Petitioner's two previously dismissed habeas petitions in this Court make his instant Petition timely. Section 2244 does not provide for tolling of the limitations period based on such filings. Further, assuming that such tolling occurred, it would not help Petitioner, because his second prior federal habeas petition, filed in case 1:07CV583, was dismissed on January 9, 2008, due to Petitioner's failure to comply with the Court's directives. Petitioner then filed nothing in this Court or the state courts for more than one year. As a result, his current Petition is out of time under § 2244(d)(1)(A).

Petitioner does not appear to dispute the foregoing calculations other than to make a general, and incorrect, statement that he has proceeded with everything in a timely fashion. He also asserts that the Court should hear his Petition because his indictment was defective, the victim could not have been testifying truthfully at his trial, he is actually innocent of the charge against him, and the Magistrate Judge in his prior cases in this Court had a "conflict of interest." The Court will treat these contentions as requests for equitable tolling of the one-year statute of limitation. See generally Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner's first two arguments, i.e., that his indictment was flawed and that the victim lied during her testimony, represent nothing more than an attempt to argue the merits of his case. The merits of the case do not provide a basis for equitable tolling. See Rouse v. Lee, 339 F.3d 238, 251-52 (4th Cir. 2003).

As for Petitioner's assertion of actual innocence, such claims are often used to attempt to satisfy the "miscarriage of justice" exception to procedural default. See Schlup v. Delo, 513 U.S. 298, 313-15 (1995). A significant question exists as to whether a claim of "actual innocence" could relax the statute of limitation imposed by § 2244(d). Compare Souter v. Jones, 395 F.3d 577, 597-602 (6th Cir. 2005) (recognizing actual innocence exception) with Escamilla v. Junqwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (ruling that actual innocence has no bearing on time-bar). If such an exception exists, the threshold for meeting it is extremely high. Petitioner

-11-

generally would have to produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. At a minimum, Petitioner would have to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Here, Petitioner's showing does not even begin to satisfy these requirements. He presents no new evidence, but instead relies on time cards that would have existed at the time of his trial.[4] Petitioner also seeks to reargue the evidence at trial, but such an approach does not demonstrate actual innocence. In sum, his actual innocence argument fails to provide a basis for equitable tolling.

Finally, Petitioner claims that the United States Magistrate Judge who handled his prior petitions operated under a "conflict of interest." He also complains that the Court denied his requests for counsel. Lack of familiarity with the legal process and lack of representation do not constitute grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, Petitioner was actually warned in his prior cases about the running of the statute of limitation and about the consequences

---

[4]It appears that the time cards on which Petitioner seeks to rely are located among the exhibits attached to his prior habeas petitions. See Exhibits A and B to Petition, Hoover v. State of North Carolina, No. 1:06CV1018 (M.D.N.C) (filed Nov. 14, 2006) and Exhibits 14 and 15 to Petition, Hoover v. State of North Carolina, No. 1:07CV583 (M.D.N.C.) (filed Aug. 1, 2007). If so, they prove nothing. Petitioner states that his indictment alleged that he assaulted his victim sometime during the month of November of 1998. The time cards cover two weeks of that month and show only that he worked 59 hours in one week and 15 in another. This material fails to satisfactorily demonstrate that Petitioner could not have committed the assault at some point during the month.

of failing to either pay the filing fee or to demonstrate that he could not pay. Nevertheless, Petitioner failed to act and the case was dismissed. He then waited two years before filing the instant Petition. His own lack of diligence, not any prior action by a member of this Court,[5] caused the expiration of the time to file under § 2244(d). Petitioner's failure to act with sufficient diligence forecloses his equitable tolling arguments. See generally Holland, 130 S.Ct. at 2562.

Because the Petition was filed well out of time, Respondents' Motion to Dismiss should be granted. In light of this recommended disposition, Petitioner's other filings related to his Petition also lack merit. To the extent that some of these filings do not relate to the subject-matter of the Petition (such as Petitioner's "Motion for Temporary Restraining Order and Addendum to Be Ratify [sic]"), the Court has no authority to grant Petitioner's requests.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Discretionary Review (Docket Entry 9), request for Writ Relief (Docket Entry 10), Application to Proceed In Forma Pauperis (Docket Entry 11), Motion to Suppress (Docket Entry 12), Motion to Appoint Counsel (Docket Entry 13), letter motion (Docket Entry 15), Motion for Enforcement of Writ (Docket Entry 17), and Motion to Compel (Docket Entry 20) are all **DENIED**.

---

[5] Petitioner's conclusory attack upon a judicial official for acting while under a "conflict of interest" carries no weight. Petitioner's arguments in this regard amount to a complaint that a ruling against him creates a "conflict of interest" and thus provide no basis for equitable relief.

**IT IS RECOMMENDED** that Petitioner's Motion for Temporary Restraining Order (Docket Entry 18) be **DENIED**, that Respondents' Motion to Dismiss (Docket Entry 6) be **GRANTED**, that the Habeas Petition (Docket Entry 2) be **DENIED**, and that Judgment be entered **DISMISSING** this action.

                    /s/ L. Patrick Auld
                    **L. Patrick Auld**
          **United States Magistrate Judge**

September 30, 2010